1  | LAW OFFICES OF DALE K. GALIPO
2  | Dale K. Galipo, Esq. (SBN 144074)
   | dalekgalipo@yahoo.com
3  | 21800 Burbank Boulevard, Suite 310
   | Woodland Hills, CA  91367
4  | Telephone:  (818) 347-3333
   | Facsimile:   (818) 347-4118

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEJON HEMPHILL, | Case No. 5:24-cv-825 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | 1. Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983) |
| COUNTY OF SAN BERNARDINO; CITY OF SAN BERNARDINO and DOES 1-10, inclusive, | 2. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983) |
| Defendants. | 3. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983) |
| | 4. Municipal Liability – Ratification (42 U.S.C. § 1983) |
| | 5. Municipal Liability – Inadequate Training (42 U.S.C. § 1983) |
| | 6. Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983) |
| | 7. Battery |
| | 8. Negligence |
| | 9. Bane Act (Cal. Civil Code 52.1) |
| | **DEMAND FOR JURY TRIAL** |

-1-

**COMPLAINT FOR DAMAGES**

1    DEJON HEMPHILL brings this Complaint against Defendants COUNTY OF
SAN BERNARDINO, CITY OF SAN BERNARDINO, and DOES 1-10, inclusive,
and hereby alleges as follows:

**INTRODUCTION**

1.    This civil rights and state tort action seeks compensatory and punitive
damages for serious physical injuries sustained by Plaintiff DEJON HEMPHILL
("HEMPHILL" or "Plaintiff") as a result of force used against him by County of
San Bernardino Sheriff's Deputies and City of San Bernardino Police Officers on
April 2, 2023.  The use of force was excessive and unreasonable because
HEMPHILL posed no immediate threat to any person and was unarmed at the time
the use of force.  As a result of the officers' use of force, HEMPHILL endured pain
and suffering and sustained serious physical injuries. HEMPHILL also experienced
and continues to experience emotional distress from the physical injuries.  Also, as a
result of the use of force, HEMPHILL has incurred medical expenses, has lost
earnings, has suffered a reduced earning capacity, and expects to incur future
medical expenses and lose future earnings.

**JURISDICTION AND VENUE**

2.    This case arises under 42 U.S.C. § 1983 and 1988 as well as California
law.  This court has subject matter jurisdiction over Plaintiff's federal question and
civil rights claims pursuant to 28 U.S.C. §§ 1331 and 1343.  This Court has
jurisdiction over Plaintiff's supplemental state law claims under 28 U.S.C. § 1367 as
those claims arise out of the same transactions and occurrences as Plaintiff's federal
question claims.

3.    Venue is proper in the Central District of California pursuant to
28 U.S.C. § 1391(b)(2) because all incidents, events, and occurrences giving rise to
this action occurred in the City and the County of San Bernardino, California.

## PARTIES

4.     At all relevant times, Plaintiff DEJON HEMPHILL was and is an individual residing in the City of Rialto, California.

5.     At all relevant times, Defendant COUNTY OF SAN BERNARDINO ("COUNTY") is and was a municipal corporation existing under the laws of the State of California. COUNTY is a chartered subdivision of the State of California with the capacity to be sued. COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the San Bernardino County Sheriff's Department ("SBSD") and its agents and employees.  At all relevant times, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the and its employees and agents complied with the laws of the United States and of the State of California.  At all relevant times, COUNTY was the employer of Defendants DOE DEPUTIES.

6.     At all relevant times, Defendant CITY of San Bernardino ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the San Bernardino Police Department ("SBPD") and its agents and employees.  At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of SBPD and its employees and agents complied with the laws of the United States and of the State of California.  At all relevant times, the CITY was the employer of Defendants DOE OFFICERS.

7.     At all relevant times, Defendants DOES 1-4 ("DOE DEPUTIES") are deputies for SBSD who were acting under color of law within the course and scope

COMPLAINT FOR DAMAGES

of their duties as deputies for the SBSD.  DOES 1-4 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

8.    At all relevant times, Defendants DOES 5-8 ("DOE OFFICERS") are police officers for SBSD who were acting under color of law within the course and scope of their duties as police officers for the SBPD.  DOES 1-5 were acting with the complete authority and ratification of their principal, Defendant CITY.

9.    Defendant DOE 9 is a managerial, supervisorial, and policymaking employee of SBSD, who at all relevant times was acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the SBSD. DOE 9 was acting with the complete authority and ratification of their principal, Defendant COUNTY.

10.    Defendant DOE 10 is a managerial, supervisorial, and policymaking employee of SBPD, who at all relevant times was acting under color of law within the course and scope of their duties as a managerial, supervisorial, and policymaking employee for the SBPD.  DOE 10 was acting with the complete authority and ratification of their principal, Defendant CITY.

11.    On information and belief, at all relevant times DOES 1-10 were residents of the County of San Bernardino.

12.    In doing the acts and failing and omitting to act as hereinafter described, DOE DEPUTIES were acting on the implied and actual permission and consent of DOE 9 and the COUNTY.

13.    In doing the acts and failing and omitting to act as hereinafter described, Defendant DOE 9 was acting on the implied and actual permission and consent of the COUNTY.

14.    In doing the acts and failing and omitting to act as hereinafter described, DOE OFFICERS were acting on the implied and actual permission and consent of DOE 10 and the CITY.

COMPLAINT FOR DAMAGES

15.     In doing the acts and failing and omitting to act as hereinafter described, Defendant DOE 10 was acting on the implied and actual permission and consent of the CITY.

16.     The true names and capacities, whether individual, corporate, association, or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained.  Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

17.     At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

18.     All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

19.     All Defendants who are natural persons, including DOES 1-10, are sued individually and in their official capacities as officers, sergeants, captains, commanders, supervisors, and/or civilian employees, agents, policy makers, and representatives for their respective principals, COUNTY and CITY.

20.     Plaintiff suffered injuries as a direct and proximate result of the actions DOE DEPUTIES and DOE OFFICERS. DOE DEPUTIES and DOE OFFICERS are directly liable for Plaintiff's injuries and damages under federal law pursuant to 42 U.S.C. § 1983.

21.     Defendants COUNTY and DOE 9 are liable for Plaintiff's injuries under California law and under the doctrine of *respondeat superior*. Liability under California law for public entities and public employees is based upon California Government Code §§ 815.2, 820, and 820.8.

22.     Defendants CITY and DOE 10 are liable for Plaintiff's injuries under California law and under the doctrine of *respondeat superior*. Liability under California law for public entities and public employees is based upon California Government Code §§ 815.2, 820, and 820.8.

23.     On September 28, 2023, Plaintiff filed comprehensive and timely claims for damages with the County of San Bernardino pursuant to applicable sections of the California Government Code.

24.     On October 24, 2023, the County of San Bernardino denied said claim.

25.     On September 28, 2023, Plaintiff filed comprehensive and timely claims for damages with the City of San Bernardino pursuant to applicable sections of the California Government Code.

26.     On October 18, 2023, the City of San Bernardino denied said claim.

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

27.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 26 of this Complaint with the same force and effect as if fully set forth herein.

28.     On April 2, 2023 at approximately 1:00 a.m., Plaintiff HEMPHILL was driving in his vehicle when he was pulled over by DOE DEPUTIES and DOE OFFICERS near 5th Street and North Mt. Vernon Avenue in San Bernardino, CA, allegedly due to the vehicle's tinted windows. When HEMPHILL was informed of the reason for the traffic stop, he informed DOE DEPUTIES and DOE OFFICERS that he intended to get the window tint fixed.

COMPLAINT FOR DAMAGES

29.    Despite there being no reasonable suspicion to detain or probable cause to arrest HEMPHILL, DOE DEPUTIES and DOE OFFICERS forcibly removed HEMPHILL from his car and severely beat HEMPHILL.

30.    At all relevant times, HEMPHILL did not forcibly resist nor did he pose an immediate threat to DOE DEPUTIES, DOE OFFICERS, or anyone else.

31.    After the beating, HEMPHILL was denied prompt medical attention. The delay of medical care to Plaintiff caused him extreme physical and emotional pain and suffering and contributed to his damages.

32.    As a result of the use of excessive force, Plaintiff sustained serious physical injuries and has incurred financial loss and expenses in the form of past and future loss of earnings, decreased earning capacity, and past and future medical expenses. Also as a result of this incident, Plaintiff has endured pain and suffering and emotional and mental distress stemming from the physical injuries.

## **FIRST CLAIM FOR RELIEF**

### **Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)**

(Against Defendants DOE DEPUTIES and DOE OFFICERS)

33.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 32 of this Complaint with the same force and effect as if fully set forth herein.

34.    Defendants DOE DEPUTIES and DOE OFFICERS had no objectively reasonable or specifically articulable factual basis to suspect that Plaintiff was involved in the commission of any crime, nor did Defendants DOE DEPUTIES and DOE OFFICERS have any confirmation that Plaintiff had committed any crime, posed any threat to anyone, and did not see Plaintiff in possession of any illegal objects, contraband, or weapons.

35.    Defendants DOE DEPUTIES and DOE OFFICERS detained Plaintiff without reasonable suspicion and arrested him without probable cause by forcibly

removing Plaintiff from his vehicle, subjecting Plaintiff to forcible strikes to his body, and using physical control to handcuff Plaintiff. The scope and manner of Defendants DOE DEPUTIES and DOE OFFICERS's detention and arrest of Plaintiff was unreasonable.

36. The conduct of Defendants DOE DEPUTIES and DOE OFFICERS violated Plaintiff's right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

37. The conduct of Defendants DOE DEPUTIES and DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE DEPUTIES and DOE OFFICERS.

38. As a result of their misconduct, Defendants DOE DEPUTIES and DOE OFFICERS are liable for Plaintiff's injuries, either because they were integral participants in the unreasonable seizure or because they failed to prevent these violations.

39. Plaintiff seeks compensatory damages and attorney's fees under this claim.

**SECOND CLAIM FOR RELIEF**

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(Against Defendants DOE DEPUTIES and DOE OFFICERS)

40. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 39 of this Complaint with the same force and effect as if fully set forth herein.

41. DOE DEPUTIES and DOE OFFICERS used excessive and unreasonable force when they forcibly removed Plaintiff from his vehicle and subjected him to multiple strikes and blows to his head and body. Defendant DOE DEPUTIES AND DOE OFFICERS' unjustified use of force deprived Plaintiff of

his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

42.     At all relevant times, HEMPHILL did not forcibly resist nor did he pose an immediate threat to DOE DEPUTIES, DOE OFFICERS, or anyone else.

43.     Defendants DOE DEPUTIES and DOE OFFICERS' use of force was excessive and objectively unreasonable and contrary to basic police officer training because Plaintiff posed no immediate threat to any person at the time.

44.     Defendants DOE DEPUTIES and DOE OFFICERS did not exhaust all reasonable alternative measures prior using force on Plaintiff. Defendants DOE DEPUTIES and DOE OFFICERS failed provide adequate commands and warnings prior to using force, despite it be feasible to do so.

45.     Plaintiff suffered serious and permanent physical injuries as a result of the use of force.

46.     At all relevant times, Defendants DOE DEPUTIES and DOE OFFICERS were acting under color of state law.

47.     As a result of their misconduct as described above, Defendants DOE DEPUTIES and DOE OFFICERS are liable for Plaintiff's injuries, either because they were integral participants in the use of excessive force or because they failed to prevent these violations.

48.     The conduct of Defendants DOE DEPUTIES and DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE DEPUTIES and DOE OFFICERS.

49.     Plaintiff seeks compensatory damages for the violations of his rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from the physical injuries,

1  humiliation, and disfigurement.  Plaintiff also seeks punitive damages, costs, and

2  attorney's fees under this claim.

3  **THIRD CLAIM FOR RELIEF**

4  **Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

5  (Against Defendant DOE DEPUTIES and DOE OFFICERS)

6  50.    Plaintiff repeats and realleges each and every allegation in paragraphs 1

7  through 48 of this Complaint with the same force and effect as if fully set forth

8  herein.

9  51.    After the detention, arrest, and use of force, Plaintiff was denied

10  prompt medical attention while he was seriously injured and in pain. The delay of

11  medical care to Plaintiff caused him extreme physical and emotional pain and

12  suffering and contributed to his damages.

13  52.    The denial of medical care by Defendants DOE DEPUTIES and DOE

14  OFFICERS deprived Plaintiff of his right to be secure in his person against

15  unreasonable searches and seizures as guaranteed to him under the Fourth

16  Amendment to the United States Constitution and applied to state actors by the

17  Fourteenth Amendment.

18  53.    The delay in medical attention contributed to Plaintiff's pain and

19  suffering and was a contributing cause of Plaintiff's injuries and his mental and

20  emotional distress.

21  54.    Defendant DOE DEPUTIES and DOE OFFICERS knew that failure to

22  provide timely medical treatment to Plaintiff could result in further significant injury

23  or the unnecessary and wanton infliction of pain, but disregarded that serious

24  medical need, causing Plaintiff great bodily harm.

25  55.    The conduct of Defendants DOE DEPUTIES and DOE OFFICERS

26  was willful, wanton, malicious, and done with reckless disregard for the rights and

27  safety of Plaintiff and therefore warrants the imposition of exemplary and punitive

28  damages as to DOE DEPUTIES and DOE OFFICERS.

56.   At all relevant times, Defendants DOE DEPUTIES and DOE OFFICERS were acting under color of state law.

57.   As a result of their misconduct as described above, Defendants DOE DEPUTIES and DOE OFFICERS are liable for Plaintiff's injuries, either because they were integral participants or because they failed to prevent these violations.

58.   Plaintiff seeks compensatory damages for the violations of his rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from the physical injuries, humiliation, and disfigurement.  Plaintiff also seeks punitive damages, costs, and attorney's fees under this claim.

## FOURTH CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. § 1983)

(Against Defendants COUNTY, CITY and DOES 9-10)

59.   Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 57 of this Complaint with the same force and effect as if fully set forth herein.

60.   At all relevant times, Defendants DOE DEPUTIES and DOE OFFICERS were acting under color of state law.

61.   The acts of Defendants DOE DEPUTIES and DOE OFFICERS as described above, including the beating of Plaintiff, deprived Plaintiff of his rights under the United States Constitution.

62.   Upon information and belief, a final policymaker for COUNTY, acting under color of law, who had final policymaking authority concerning the acts of DOE DEPUTIES, ratified (or will ratify) Defendant DOE DEPUTIES' acts and the bases for them.  Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) Defendant DOE

DEPUTIES' acts, which include use of excessive force against Plaintiff as well as the unreasonable detention and arrest of Plaintiff and denial of medical care.

63.    Upon information and belief, a final policymaker for COUNTY has determined (or will determine) that the acts of DOE DEPUTIES were "within policy."

64.    Upon information and belief, a final policymaker for CITY, acting under color of law, who had final policymaking authority concerning the acts of DOE OFFICERS, ratified (or will ratify) Defendant DOE OFFICERS's acts and the bases for them.  Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) Defendant DOE OFFICERS's acts, which include use of excessive force against Plaintiff as well as the unreasonable detention and arrest of Plaintiff and denial of medical care.

65.    Upon information and belief, a final policymaker for CITY has determined (or will determine) that the acts of DOE OFFICERS were "within policy."

66.    Plaintiff seeks compensatory damages for the violations of his rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from the physical injuries, humiliation, and disfigurement.  Plaintiff also seeks costs and attorney's fees under this claim.

## **FIFTH CLAIM FOR RELIEF**

### **Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

(Against Defendants COUNTY, CITY and DOES 9-10)

67.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 65 of this Complaint with the same force and effect as if fully set forth herein.

68.     At all relevant times, Defendants DOE DEPUTIES and DOE OFFICERS were acting under color of state law.

69.     The acts of Defendants DOE DEPUTIES and DOE OFFICERS deprived Plaintiff of his rights under the United States Constitution.

70.     The training policies of Defendants COUNTY and CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal.

71.     Defendants COUNTY and CITY were deliberately indifferent to the obvious consequences of its failure to train its police officers adequately. Specifically, COUNTY and CITY failed to adequately train DOE DEPUTIES and DOE OFFICERS, respectively, with respect to detentions and arrests, tactics, use of less-lethal options, and the use of deadly force, including determining whether the use of deadly force is reasonable and appropriate under the circumstances.

72.     The failure of Defendants COUNTY and CITY to provide adequate training caused the deprivation of the Plaintiff's rights by DOE DEPUTIES AND DOE OFFICERS; that is, COUNTY and CITY's failure to train is so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

73.     By reason of the aforementioned acts and omissions, Plaintiff suffered serious bodily injury, humiliation, pain and suffering, disfigurement, and past and future emotional and mental distress, and financial loss.  Accordingly, Defendants COUNTY, CITY and DOES 9-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

74.     Plaintiff seeks compensatory damages for the violations of his rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from the physical injuries,

humiliation, and disfigurement.  Plaintiff also seeks punitive damages, costs, and attorney's fees under this claim.

### SIXTH CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(Against Defendants COUNTY, CITY and DOES 9-10)

75.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 73 of this Complaint with the same force and effect as if fully set forth herein.

76.     At all relevant times, Defendants DOE DEPUTIES and DOE OFFICERS were acting under color of state law.

77.     When Defendants DOE DEPUTIES and DOE OFFICERS detained and arrested Plaintiff, forcibly removed Plaintiff from his vehicle, subjected Plaintiff to multiple strikes and blows to his head and body, and then denied him timely medical attention, they acted pursuant to an expressly adopted official policy/ies or a longstanding practice(s) or custom of the Defendants COUNTY and CITY, respectively.

78.     On information and belief, Defendants DOE DEPUTIES and DOE OFFICERS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the detention, arrest and shooting of Plaintiff.

79.     Defendants COUNTY, CITY and DOES 9-10, together with other COUNTY and CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

>     (a)     Using excessive force, including excessive deadly force;

>     (b)     Providing inadequate training regarding the use of deadly force;

>     (c)     Employing and retaining as officers individuals whom Defendant COUNTY and CITY at all times material herein knew or

1          reasonably should have known had dangerous propensities for

2          abusing their authority and for using excessive force;

3      (d)    Inadequately supervising, training, controlling, assigning, and

4          disciplining COUNTY sheriff's deputies and CITY police

5          officers, and other personnel, whom Defendants COUNTY and

6          CITY knew or in the exercise of reasonable care should have

7          known had the aforementioned propensities and character traits;

8      (e)    Maintaining grossly inadequate procedures for reporting,

9          supervising, investigating, reviewing, disciplining and

10          controlling misconduct by COUNTY sheriff's deputies and

11          CITY officers;

12      (f)    Failing to adequately discipline COUNTY sheriff's deputies and

13          CITY officers for the above-referenced categories of misconduct,

14          including "slaps on the wrist," discipline that is so slight as to be

15          out of proportion to the magnitude of the misconduct, and other

16          inadequate discipline that is tantamount to encouraging

17          misconduct;

18      (g)    Announcing that unjustified shootings are "within policy,"

19          including shootings that were later determined in court to be

20          unconstitutional;

21      (h)    Even where shootings are determined in court to be

22          unconstitutional, refusing to discipline, terminate, or retrain the

23          officers involved;

24      (i)    Encouraging, accommodating, or facilitating a "blue code of

25          silence," "blue shield," "blue wall," "blue curtain," "blue veil,"

26          or simply "code of silence," pursuant to which police officers do

27          not report other officers' errors, misconduct, or crimes. Pursuant

28          to this code of silence, if questioned about an incident of

-15-

misconduct involving another officer, while following the code,
the officer being questioned will claim ignorance of the other
officers' wrongdoing;

(j)     Maintaining a policy of inaction and an attitude of indifference
towards soaring numbers of police shootings, including by
failing to discipline, retrain, investigate, terminate, and
recommend officers for criminal prosecution who participate in
shootings of unarmed people.

80.     By reason of the aforementioned acts and omissions, Plaintiff suffered serious bodily injury, humiliation, pain and suffering, disfigurement, and past and future emotional and mental distress, and financial loss.

81.     Defendants COUNTY, CITY and DOES 9-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

82.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, COUNTY, CITY and DOES 9-10 acted with intentional, reckless, and callous disregard for the life and constitutional rights of Plaintiff.  Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants COUNTY CITY and DOES 9-10 were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff.

83.     Accordingly, Defendants COUNTY, CITY and DOES 9-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

84.     Plaintiff seeks compensatory damages for the violations of his rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from the physical injuries, humiliation, and disfigurement.  Plaintiff also seeks punitive damages, costs, and attorney's fees under this claim.

### SEVENTH CLAIM FOR RELIEF

**Battery (Cal. Govt. Code § 820 and California Common Law)**

(Against Defendants COUNTY, CITY, DOE DEPUTIES, and DOE OFFICERS)

85.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 83 of this Complaint with the same force and effect as if fully set forth herein.

86.     At all relevant times, DOE DEPUTIES were working as sheriff's deputies for SBSD and was acting within the course and scope of their duties as a sheriff's deputies for the COUNTY.

87.     At all relevant times, DOE DEPUTIES were working as police officers for SBPD and was acting within the course and scope of their duties as a sheriff's deputies for the CITY.

88.     On April 2, 2023 at approximately 1:00 a.m., Plaintiff was driving in his vehicle when he was pulled over by DOE DEPUTIES and DOE OFFICERS allegedly due to the vehicle's tinted windows near 5th Street and N Mt. Vernon Avenue in San Bernardino, CA. Plaintiff was forcibly removed from his car and severely beaten by DOE DEPUTIES and DOE OFFICERS. DOE DEPUTIES and DOE OFFICERS did not have reasonable suspicion to detain or probable cause to arrest Plaintiff. At all relevant times, Mr. Hemphill did not forcibly resist nor pose a threat to anyone.

COMPLAINT FOR DAMAGES

89.    The officers' use of force was unreasonable and contrary to basic police officer training because Plaintiff posed no immediate threat to any person at the time. Plaintiff was unarmed at all times.

90.    As a direct and proximate result of the conduct of DEPUTIES and DOE OFFICERS as alleged above, Plaintiff suffered serious and permanent physical injuries.

91.    The COUNTY is vicariously liable for the wrongful acts of Defendants DOE DEPUTIES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

92.    The CITY is vicariously liable for the wrongful acts of Defendants DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

93.    The conduct of DEPUTIES and DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages, which Plaintiff seeks under this claim.

94.    Plaintiff seeks compensatory damages for the violations of his rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from the physical injuries, humiliation, and disfigurement.

COMPLAINT FOR DAMAGES

**SEVENTH CLAIM FOR RELIEF**

**Negligence (Cal. Govt. Code § 820 and California Common Law)**

(Against all Defendants)

95.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 93 of this Complaint with the same force and effect as if fully set forth herein.

96.     The actions and inactions of Defendants were negligent and reckless, including but not limited to:

> (a)     DOE DEPUTIES and DOE OFFICERS' failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against Plaintiff;
>
> (b)     DOE DEPUTIES and DOE OFFICERS' negligent tactics and handling of the situation with Plaintiff, including pre-force negligence;
>
> (c)     DOE DEPUTIES and DOE OFFICERS' negligent detention, arrest, and use of force, against Plaintiff;
>
> (d)     DOE DEPUTIES and DOE OFFICER''s failure to provide prompt medical care to Plaintiff,
>
> (e)     the COUNTY and CITY's failure to properly train and supervise employees, both professional and non-professional, including DOE DEPUTIES and DOE OFFICERS, respectively;
>
> (f)     the COUNTY and CITY's failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Plaintiff.

97.     As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff suffered past and future

financial loss, serious and permanent physical injuries, and past and future emotional and mental distress.

98.   The COUNTY is vicariously liable for the wrongful acts of DOE DEPUTIES and DOE 9 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

99.   The CITY is vicariously liable for the wrongful acts of DOE OFFICERS and DOE 10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

100.   Plaintiff brings this claim in his individual capacity and seeks compensatory damages for the violations of his rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from the physical injuries, and disfigurement.

## EIGHTH CLAIM FOR RELIEF

### (Violation of Cal. Civil Code § 52.1)

(Against All Defendants)

101.   Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 99 of this Complaint with the same force and effect as if fully set forth herein.

102.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.  An intent to

violate a person's civil rights can be inferred by a reckless disregard for the person's civil rights.

103.   On information and believe, DOE DEPUTIES and DOE OFFICERS, while working for COUNTY and CITY, respectively, and acting within the course and scope of their duties as police officers, intentionally committed and attempted to commit acts of violence against Plaintiff and also acted with a reckless disregard for Plaintiff's civil rights, including beating him without justification or excuse, detaining him without reasonable suspicion and arresting him without probable cause, and by denying him timely medical care.

104.   When DOE DEPUTIES and DOE OFFICERS detained and arrested Plaintiff without reasonable suspicion or probable cause, severely beat Plaintiff, and failed to provide any care to his subsequent injuries, they interfered with Plaintiff's civil rights to be free from unreasonable searches and seizures, to equal protection of the laws, to timely and adequate medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

105.   On information and belief, DOE DEPUTIES and DOE OFFICERS intentionally and spitefully committed the above acts to discourage Plaintiff from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was and is fully entitled to enjoy.

106.   On information and belief, Plaintiff reasonably believed and understood that the violent acts committed by DOE DEPUTIES and DOE OFFICERS were intended to discourage him from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

107.    DOE DEPUTIES and DOE OFFICERS intentionally interfered with the above civil rights of Plaintiff, including his right to be free from excessive force, and acted with a reckless disregard for these rights.

108.   The conduct of Defendants was a substantial factor in causing Plaintiff's harms, losses, injuries, and damages.

109.   The COUNTY is vicariously liable for the wrongful acts of DOE DEPUTIES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

110.   The CITY is vicariously liable for the wrongful acts of DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

111.   Defendants DOES 9-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

112.   DOE DEPUTIES and DOE OFFICERS' conduct was malicious, wanton, oppressive, and accomplished with a conscious disregard for Plaintiff's rights, justifying an award of exemplary and punitive damages as to DOE DEPUTIES and DOE OFFICERS.

113.   Plaintiff seeks compensatory damages for the violations of his rights, including damages for past and future medical expenses, past and future loss of earnings and decreased earning capacity, physical injuries, past and future pain and suffering, emotional and mental distress stemming from the physical injuries, humiliation, and disfigurement.  Plaintiff also seeks punitive damages, costs, and attorney's fees under California Civil Code section 52 as to this claim.

COMPLAINT FOR DAMAGES

1

## **PRAYER FOR RELIEF**

2      WHEREFORE, Plaintiff DEJON HEMPHILL, requests entry of judgment in

3  his favor and against Defendants the County of San Bernardino, City of San

4  Bernardino, and DOES 1-10, inclusive, as follows:

5              A.      For compensatory damages in an amount to be proven at trial,

6                      including damages for his serious physical injuries, for his pain

7                      and suffering, for past and future medical expenses, for past and

8                      future financial loss, and past and future mental and emotional

9                      distress;

10             B.      For punitive damages against the individual defendants in an

11                     amount to be proven at trial;

12             D.      For statutory damages;

13             E.      For treble damages pursuant to California Civil Code Sections

14                     52, 52.1;

15             F.      For interest;

16             G.      For reasonable costs of this suit and attorneys' fees; and

17             H.      For such further other relief as the Court may deem just, proper,

18                     and appropriate.

19

20  DATED:  April 18, 2024              LAW OFFICES OF DALE K. GALIPO

21

22

23                                By_____*s/ Dale K. Galipo*_____
                                        Dale K. Galipo
24                                      Attorneys for Plaintiff

25

26

27

28

-23-

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2          Plaintiff hereby demands a trial by jury.

3

4   DATED:  April 18, 2024              LAW OFFICES OF DALE K. GALIPO

5

6

7                                        By_____*s/ Dale K. Galipo*_____
                                          Dale K. Galipo
8                                         Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-24-