1 | Paul B. Beach, Esq. [State Bar No. 166265]
2 | E-mail: pbeach@lbaclaw.com
  | Aamir Raza, Esq. [State Bar No. 223530]
3 | E-mail: araza@lbaclaw.com
  | Egle Donatz, Esq. [State Bar No. 349200]
4 | E-mail: edonatz@lbaclaw.com
5 | LAWRENCE BEACH ALLEN & CHOI, PC
  | E-mail: LBACOCstaff@lbaclaw.com
6 | 959 South Coast Drive, Suite 260
  | Costa Mesa, California 92626
7 | Telephone No.: (714) 479-0180
8 |
  | Attorneys for Defendant, CITY OF SAN BERNARDINO
9 |
10 | **UNITED STATES DISTRICT COURT**
11 | **CENTRAL DISTRICT OF CALIFORNIA**

12 | DEJON HEMPHILL,                    ) Case No.: 5:24-cv-00825-KK-DTB
13 |                                    )
14 |         Plaintiff,                 ) **ANSWER TO PLAINTIFF'S**
   |                                    ) **COMPLAINT BY DEFENDANT**
15 | vs.                                ) **CITY OF SAN BERNARDINO;**
   |                                    ) **DEMAND FOR JURY TRIAL**
16 |                                    )
17 | COUNTY OF SAN BERNARDINO;          ) Complaint filed: April 18, 2024
   | CITY OF SAN BERNARDINO; and        )
18 | DOES 1-10, inclusive,              )
   |                                    )
19 |         Defendants.                )
20 | _____    ) **Matter For Determination Before The**
   |                                    ) **Honorable Kenly Kiya Kato**
21 |
22 |     TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR
23 | COUNSEL OF RECORD:
24 | / / /
25 | / / /
26 | / / /
27 | / / /
28 |

1
ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

COME NOW Defendant City of San Bernardino (hereinafter "City" and/or "Defendant") and answers the claims in Plaintiff's Complaint (hereinafter "Complaint"). Defendant answers for itself and for no other defendants, and hereby admit, deny, and allege as follows:

1. Answering Paragraphs 2, 3, 6, 25, and 26 of the Complaint, Defendant admits that Defendant City of San Bernardino is a municipal corporation, that the SBPD is a subdivision of the City, that the City is the proper defendant for claims against the SBPD. Defendant admits that the Court appears to have jurisdiction over the instant action, and venue appears proper based upon the allegations of the Complaint based on the facts alleged. Defendant admits that Plaintiff presented a Tort Claim to the City on October 2, 2023, which was rejected on October 18, 2023, though Defendant denies that the Tort Claim was presented on September 28, 2023, and it lacks sufficient information to determine if the claim complies with all of the aspects of the Tort Claims Act.

2. Answering Paragraphs 4, 5, 7-16, 19-21, 23, 24, 34-39, 41-49, 51-58, 60-63, 68, 69, 76-78, 86-91, 93, 98, 103-109, 111, and 112 of the Complaint, as to allegations regarding unnamed DOE defendants or against anyone other than this answering Defendant, Defendant does not have sufficient information or belief to enable it to answer said allegations and on that ground, denies each and every allegation.

3. Answering Paragraphs 28-32 of the Complaint, Defendant disputes Plaintiff's characterization of the subject incident and on that ground, deny each and every allegation contained therein. The incident was captured on a body-worn camera, and the body-worn camera footage is the best evidence of what happened during the subject incident. As to allegations regarding anyone other than this answering Defendant, Defendant does not have sufficient information or belief to enable it to answer said allegations and on that ground, denies each and every allegation.

4. Answering Paragraphs 92, 99, 102 of the Complaint, these paragraphs are attempted statements of law or policy, not factual allegations, and Defendant is not required to provide a response here; however, Defendant does object that these statements may be, or are in fact, misleading, misstated, inapplicable and/or misapplied.

5. Answering Paragraph 27 of the Complaint, Defendant incorporates by reference their responses to Paragraphs 1 through 26, as though fully set forth herein.

6. Answering Paragraph 33 of the Complaint, Defendant incorporates by reference their responses to Paragraphs 1 through 32, as though fully set forth herein.

7. Answering Paragraph 40 of the Complaint, Defendant incorporates by reference their responses to Paragraphs 1 through 39, as though fully set forth herein.

8. Answering Paragraph 50 of the Complaint, Defendant incorporates by reference their responses to Paragraphs 1 through 49, as though fully set forth herein.

9. Answering Paragraph 59 of the Complaint, Defendant incorporates by reference their responses to Paragraphs 1 through 58, as though fully set forth herein.

10. Answering Paragraph 67 of the Complaint, Defendant incorporates by reference their responses to Paragraphs 1 through 66, as though fully set forth herein.

11. Answering Paragraph 75 of the Complaint, Defendant incorporates by reference their responses to Paragraphs 1 through 74, as though fully set forth herein.

12. Answering Paragraph 85 of the Complaint, Defendant incorporates by reference their responses to Paragraphs 1 through 84, as though fully set forth herein.

13. Answering Paragraph 95 of the Complaint, Defendant incorporates by reference their responses to Paragraphs 1 through 94, as though fully set forth herein.

14. Answering Paragraph 101 of the Complaint, Defendant incorporates by reference their responses to Paragraphs 1 through 100, as though fully set forth herein.

15. Answering Paragraphs 1, 17, 18, 22, 64-66, 70-74, 79-84, 94, 96, 97, 100, 110, 113, and the Prayer for Relief of the Complaint, Defendant denies generally and specifically each and every allegation contained therein. As to any allegations regarding anyone other than this answering Defendant, Defendant does not have sufficient information or belief to enable it to answer said allegations and on that ground, denies each and every allegation. As to any remaining allegations, Defendant denies generally and specifically each and every such allegation contained therein.

## FIRST AFFIRMATIVE DEFENSE

16. No constitutional violation occurred and, even if it did, the Doe Defendants entitled to qualified immunity .

## SECOND AFFIRMATIVE DEFENSE

17. That any injury or damage suffered by Plaintiff was caused solely by reason of Plaintiff's wrongful acts and conduct and the willful resistance to a peace officer in the discharge, and attempt to discharge, the duty of his/her office, and not by reason of any unlawful acts or omissions of Defendant.

## THIRD AFFIRMATIVE DEFENSE

18. As a result of the incident that forms the subject matter of this litigation, Plaintiff may have been criminally prosecuted, and rulings and findings

therein would be preclusive in the instant action.

**FOURTH AFFIRMATIVE DEFENSE**

19.     Defendant is immune from liability, pursuant to California Government Code § 845.8.

**FIFTH AFFIRMATIVE DEFENSE**

20.     Each of Plaintiff's state law claims is barred by the absolute privilege of California Government Code § 820.2.

**SIXTH AFFIRMATIVE DEFENSE**

21.     Each of Plaintiff's state law claims against the City is barred by the absolute privilege of California Government Code § 815.2(b).

**SEVENTH AFFIRMATIVE DEFENSE**

22.     Each of Plaintiff's state law claims is barred by the absolute privilege of California Government Code § 821.6.

**EIGHTH AFFIRMATIVE DEFENSE**

23.     Plaintiff's California Civil Code § 51.7 claim fails because the individual defendants did not use violence or threats distinct from that which was inherent in the alleged constitutional violation.

**NINTH AFFIRMATIVE DEFENSE**

24.     A public entity is not liability for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person.

**TENTH AFFIRMATIVE DEFENSE**

25.     The actions of Defendant were at all relevant times reasonable, proper, and legal.

**ELEVENTH AFFIRMATIVE DEFENSE**

26.     The Complaint fails to state a cause of action.

**TWELFTH AFFIRMATIVE DEFENSE**

27.     Neither a public entity nor a public employee is liable for his act or

omission, exercising due care, in the execution or enforcement of any law.

### THIRTEENTH AFFIRMATIVE DEFENSE

28. Neither a public entity nor a public employee is liable for any injury caused by the act or omission of another person.

### FOURTEENTH AFFIRMATIVE DEFENSE

29. Plaintiff's state law claims against Defendant are barred by Plaintiff's failure to comply with the requirements of the Government Tort Claims Act.

### FIFTEENTH AFFIRMATIVE DEFENSE

30. Plaintiff failed to mitigate his damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

31. Plaintiff's recovery is barred for damages that he should have foreseen and could have avoided by reasonable effort.

### SEVENTEENTH AFFIRMATIVE DEFENSE

32. Plaintiff's Complaint fails to state a cause of action against this public entity defendant for, pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), there can be no recovery for a federal civil rights violation where there is no constitutional deprivation occurring pursuant to governmental policy or custom.

### EIGHTEENTH AFFIRMATIVE DEFENSE

33. That the force, if any, used on Plaintiff was reasonable under the circumstances and that any injury or damages allegedly suffered by Plaintiff were due to and caused by reason of Plaintiff's acts and conduct.

### NINETEENTH AFFIRMATIVE DEFENSE

34. Plaintiff knew or should have known that he was being arrested by a peace officer and had the duty to refrain from using force to resist such arrest.

### TWENTIETH AFFIRMATIVE DEFENSE

35. Plaintiff's claims are barred by the doctrine of laches.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

36. To the extent that any force was used, it was reasonable.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

37. To the extent any force was used, it was privileged as being reasonably necessary, and being believed to be so necessary, to the lawful defense of self and/or third parties.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

38. Reasonable suspicion existed for the detention of Plaintiff.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

39. The individual defendants had reasonable cause to believe that a public offense was being committed in their presence.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

40. Since Plaintiff was a parolee or probationer at the time of the alleged arrest and imprisonment, he could suffer no injury from any alleged detention.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

41. This action is barred by the applicable statutes of limitations including, without limitation, California Code of Civil Procedure §§ 335.1, 342, 343.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

42. Plaintiff's claims are barred by the doctrine of unclean hands.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

43. Plaintiff's claims are barred by the doctrine of equitable estoppel.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

44. Plaintiff's claims are barred by the doctrine of judicial estoppel.

**THIRTIETH AFFIRMATIVE DEFENSE**

45. Plaintiff's claims are barred by the doctrine of collateral estoppel/issue preclusion.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

46. Plaintiff's claims are barred by the doctrine of waiver.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

47. That any injury or damage suffered by Plaintiff was caused solely by reason of Plaintiff's wrongful acts and conduct and the willful resistance to a peace officer in the discharge, and attempt to discharge, the duty of his or her office, and not by reason of any unlawful acts or omissions of Defendant.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

48. Because Plaintiff's Complaint is couched in conclusory terms, Defendant cannot fully anticipate all the affirmative defenses that may be applicable to the within action. Accordingly, the right to assert additional defenses, if and to the extent that such affirmative defenses are applicable is hereby reserved.

WHEREFORE, Defendant City of San Bernardino prays that Plaintiff takes nothing by the way of his Complaint and that Defendant herein recover its costs and such other and further relief as the Court may deem just and proper.

Respectfully submitted,

LAWRENCE BEACH ALLEN & CHOI, PC

Dated: May 15, 2024         By     /s/ Aamir Raza
                                PAUL B. BEACH
                                AAMIR RAZA
                                EGLE DONATZ
                                Attorneys for Defendant,
                                CITY OF SAN BERNARDINO

**DEMAND FOR JURY TRIAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT

PLEASE TAKE NOTICE that Defendant City of San Bernardino hereby demands a trial by jury pursuant to Federal Rules of Civil Procedure, Rule 38(b) and Local Rule 38-1.

Respectfully submitted,

LAWRENCE BEACH ALLEN & CHOI, PC

Dated: May 15, 2024          By   /s/ Aamir Raza
                                  PAUL B. BEACH
                                  AAMIR RAZA
                                  Attorneys for Defendant,
                                  CITY OF SAN BERNARDINO