Paul B. Beach, Esq. [State Bar No. 166265]
E-mail: pbeach@lbaclaw.com
Aamir Raza, Esq. [State Bar No. 223530]
E-mail: araza@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
E-mail: LBACOCstaff@lbaclaw.com
959 South Coast Drive, Suite 260
Costa Mesa, California 92626
Telephone No.: (714) 479-0180

Attorneys for Defendant, CITY OF SAN BERNARDINO

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEJON HEMPHILL,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO;<br>CITY OF SAN BERNARDINO; and<br>DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No.: 5:24-cv-00825-KK-DTB<br><br>**JOINT SCHEDULING CONFERENCE REPORT**<br><br>Date:　July 11, 2025<br>Time:　10:00 a.m.<br>Ctrm:　Riverside #3<br><br>**Matter For Determination Before The Honorable Kenly Kiya Kato** |

TO THE HONORABLE COURT:

Pursuant to Federal Rules of Civil Procedure Rule 26(f), Local Rule 16-1 and the Court's May 20, 2024 Order setting the Rule 26(f) Scheduling Conference, the early meeting of counsel has been conducted between Hang Le, attorney for Plaintiff Dejon Hemphill ("Plaintiff"), and Aamir Raza, attorney for Defendant CITY OF SAN BERNARDINO ("Defendant"). Plaintiff and Defendant ("Parties") discussed the nature and basis of their claims and defenses, the potential for resolving the case, the timing of initial disclosures, and a proposed discovery plan.

The Parties, through their counsel, respectfully submit the following Joint Report.[1]

1. <u>Statement of the Case:</u>

   A. *<u>Plaintiff's Statement of the Case</u>*.

On April 2, 2023 at approximately 1:00 a.m., Plaintiff Dejon Hemphill was driving his vehicle in the City of San Bernardino, California. A traffic stop was initiated by San Bernardino Police Department officers near the Arco gas station on Mt. Vernon Avenue and 5th Street in San Bernardino, California. Plaintiff was informed that he had been pulled over allegedly due to the vehicle's tinted windows. Plaintiff told the offices that he would get his window tints fixed. Plaintiff was then forcibly removed from his vehicle and severely beaten by two San Bernardino police officers. On information and belief, the officers did not have reasonable suspicion or probable cause to detain or arrest Plaintiff. At all relevant times, Plaintiff did not pose a threat to anyone. Plaintiff suffered serious injuries to his face and body, including a broken arm that required surgery.

Plaintiff brought this civil rights action with the following claims for relief: (1) Fourth Amendment Unreasonable Search and Seizure – Detention and Arrest (42 U.S.C. § 1983); (2) Fourth Amendment Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983); (3) Fourth Amendment Unreasonable Search and Seizure – Denial of Medical Care (42 U.S.C. § 1983); (4) Municipal Liability for Ratification (42 U.S.C. § 1983); (5) Municipal Liability for Inadequate Training (42 U.S.C. § 1983); (6) Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983); (7) battery; (8) negligence; and (9) violation of the Bane Act

---

[1] The Parties also have conferred with named Defendant County of San Bernardino, however after reviewing the City's Initial disclosures, Plaintiff has agreed to dismiss the County as a Defendant.  The Parties are preparing a stipulation to dismiss the County as a Defendant and for leave for Plaintiff to file a First Amended Complaint, naming the involved officers and omitting the County as a Defendant. The stipulation is anticipated to be filed in conjunction to Plaintiff's response to the Court's June 21, 2024 Order to Show Cause.

(Cal. Civil Code § 52.1).

    B. *Defendant's Statement of the Case*.

  On April 2, 2023, officers from the San Bernardino Police Department ("Department") attempted to initiate a traffic stop of Plaintiff. Plaintiff initially failed to pull over, before eventually doing so two blocks later. During the stop, the officers believed that Plaintiff and his passenger may have been under the influence of a controlled substance due to their behavior and the presence of drug paraphernalia and suspected drugs throughout the vehicle. The officers noted a bag of white powder on the passenger side rear floorboard, another matching bag near the center console cup holder, and foils with a tar-like substance on them on the passenger side rear seat. There was a torch on the front portion of the center console, and aluminum foil on the front passenger side of the vehicle near the second occupant's left leg (later identified as Robert Means). The officers also observed a "6 inch by 3 inch bag full of a crystalline substance consistent with methamphetamine shoved between the rear drivers side door and seat." Based on the above, and the belief that this quantity of drugs indicated the occupants of the vehicle were possibly involved narcotics sales and therefore may also be armed, the officers asked the occupants to exit the vehicle. Plaintiff physically resisted the officers and the officers used reasonable force to attempt to overcome Plaintiff's physical resistance. Plaintiff then fled on foot, requiring the officers to engage in a foot pursuit of him. After finally catching up with Plaintiff, Plaintiff again physically resisted the officers. Upon being secured, Plaintiff was transported for medical care. While booking the narcotics bags recovered from the incident, one of the officers was exposed to fentanyl and had to be transported to the hospital. Both officers had their body cameras on.

  2. <u>Subject Matter Jurisdiction</u>:

  Plaintiff has filed federal claims pursuant to 42 U.S.C. § 1983 and related state law claims. Accordingly, the Parties do not dispute that this Court has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction), 28 USC §1343 (a)(3)-(4) (original jurisdiction over civil rights claims) and 1367 (supplemental jurisdiction as to the state law claims).

3. <u>Legal Issues</u>:
   A. Whether the officers used excessive force;
   B. Whether the officers had reasonable suspicion for the initial detention and probable cause for the subsequent arrest;
   C. Whether the City or its officers denied medical care to Plaintiff;
   D. Whether the City of San Bernardino has an unconstitutional custom, practice or policy that was the moving force that caused Plaintiff's injuries;
   E. Whether the City of San Bernardino failed to adequately train its officers;
   F. Whether the City of San Bernardino ratified the excessive and unreasonable force, if any, used by the officers;
   G. Whether the officers were negligent with respect to their handling of the situation, including using force against Plaintiff and their use of negligent tactics;
   H. The nature and scope of Plaintiff's damages;
   I. Entitlement to punitive damages;
   J. Whether the officers would be entitled to qualified immunity or/and state law immunities;
   K. Whether any or all of Plaintiff's claims are barred by a criminal conviction for his actions during the event; and
   L. Whether Plaintiff failed to mitigate his alleged damages.

4. <u>Parties, Evidence, etc.</u>:
   *Parties*: The Parties are Plaintiff Dejon Hemphill and Defendant City of San Bernardino.

*Witnesses*: The percipient witnesses to the incident include Plaintiff and City of San Bernardino Police Department personnel.

Additional non-percipient witnesses may include other City of San Bernardino personnel, including policy makers, investigators and medical personnel.

The Parties have not yet identified all other percipient witnesses.

*Key Documents*: The key documents include San Bernardino Police Department records regarding the incident, including but not limited to, statements, reports, and recorded interviews of Plaintiff, the officers and witnesses, investigative reports and diagrams, audio and/or video of the incident, photographs of the scene of the incident; physical evidence recovered from the scene of the incident; City of San Bernardino policies, procedures, and officer training; depositions of the Parties and witnesses; responses to written discovery; and Plaintiff's medical records.

5. Damages:

   A. *Plaintiff's Statement Regarding Damages*:

Plaintiff is seeking compensatory damages, including damages for his serious physical injuries, pain and suffering, past and future medical expenses, past and future financial loss, and past and future mental and emotional distress. Plaintiffs further seek punitive damages, attorney's fees, and costs under Plaintiff's federal claims. Plaintiff also seeks punitive damages under his state law battery and Bane Act claim and attorney's fees and costs under his Bane Act claim. Plaintiff is unable to provide an estimate of his damages at this time.

   B. *Defendant's Statement Regarding Damages*.

Defendant dispute the existence and/or extent of Plaintiff's alleged injuries and damages; including whether such damages can be attributable to the incident giving rise to the Complaint or to a subsequent or prior incident not involving Defendant. As of this time, Defendant have not received documentation supporting Plaintiff's damages estimate.

6. Insurance:

1  The City is a self-insured public entity.

2  7.  Non-Dispositive Motions:

3  There are no motions pending before the Court.  As noted above, the Parties anticipate stipulating to allow Plaintiff to file an amended complaint to name the involved officers and dismiss County as a Defendant.  The Parties do not anticipate a motion to transfer venue.

7  8.  Manual for Complex Litigation:

The Parties agree that this is not a complex case and is therefore not subject to the Manuel for Complex Litigation.

9.  Status of Discovery:

The Parties sought a protective order, which was entered by the Court on June 6, 2024.  Dkt. No. 16.  Defendant made its initial disclosures on June 7, 2024, which disclosures included all of the police reports and body worn camera footage pertaining to the incident.  Plaintiff anticipates making their initial disclosures on July 11, 2024.  The Parties also anticipate propounding initial written discovery after the complaint is amended.

10.  Discovery Plan:

The parties have discussed the anticipated discovery and propose the non-expert discovery schedule set forth in Exhibit A hereto.  This schedule was compiled based upon the trial calendars of counsel and their evaluation of the parties' discovery needs.

Plaintiff anticipates taking the deposition upon oral examination of the involved officers, the additional officers who responded to the scene, medical personnel, percipient witnesses, persons most knowledgeable, and Defendants' expert witnesses.  Plaintiff anticipates on serving written interrogatories, requests for admission, and requests for production of documents, including on the issues of liability for excessive and unreasonable force, *Monell* liability, and related state law claims.

Defendants will conduct discovery regarding the facts and circumstances of the incident that forms the basis for Plaintiff's claims, including taking Plaintiff's deposition and serving written discovery requests. Discovery will also be conducted regarding Plaintiff's claimed damages, including discovery of Plaintiff's medical and employment records and related issues.

The parties do not foresee any issues regarding electronically stored information pursuant to Rule 26(f)(3)(C) in this case.

The parties will have already sought and received a protective order from the Magistrate Judge to cover discovery and exchange of confidential information.

The parties do not anticipate any changes to the limitations on discovery imposed by the Federal Rules at this time.

Discovery should be conducted in three phases: (i) fact discovery and (ii) expert discovery.

12. Dispositive Motions:

The parties have discussed potential motions and propose motion dates set forth in the attached schedule. Plaintiff anticipates filing motions *in limine* to exclude evidence at trial. Depending on the Court's rulings on these evidentiary issues, Plaintiff may seek bifurcation of liability from damages at trial.

Defendant anticipates bringing dispositive motions on all causes of action, including to address qualified immunity, that Plaintiff cannot meet its burden under *Monell* and that no constitutional violation occurred. Defendants further anticipate bringing *in limine* motions, as necessary, based on the remaining claims and damages if any. Defendants may seek to trifurcate trial into separate phases with respect to the individual Defendants' liability, *Monell* liability, and the amount of punitive damages.

13. Settlement/Alternative Dispute Resolution (ADR):

The parties have not yet engaged in substantive settlement discussions as Defendant has not been apprised of the extent of Plaintiff's claimed damages and

Plaintiff is still reviewing Defendant's Initial Disclosures, but are amenable to doing so following a period of discovery. The parties are agreeable to participating in ADR Procedure No. 2 (appearance before neutral selected from Court's Mediation Panel). The parties will select a mutually-agreed upon neutral, and have commenced discussions of acceptable mediators.

14. <u>Consent to Magistrate Judge</u>:

Defendant and their counsel have discussed the Magistrate Consent Program and are amenable to proceeding before one of several magistrates. Plaintiff and his counsel have also discussed the Magistrate Consent Program and Plaintiff is not amenable to proceeding before a magistrate judge. Counsel for the Parties met and conferred regarding the Magistrate Consent Program during their early conference of counsel.

15. <u>Trial Estimate</u>:

Both Parties have requested a jury trial and both estimate that the trial will take approximately five (5) to seven (7) days, including *voir dire*, opening statements, closing arguments, and time reasonably anticipated that will be spent on discussions regarding jury instructions and verdict forms outside the presence of the jury. At this time, the parties cannot accurately anticipate how many witnesses they will call in this particular matter, but based on similar litigation and the facts known to date, the parties estimate calling approximately 6-10 witnesses per side.

16. <u>Trial Counsel</u>:

Dale K. Galipo (lead counsel) and Hang Le from the Law Offices of Dale K. Galipo will try this case for Plaintiff.

Aamir Raza (lead counsel) and Paul B. Beach will try this case for Defendant.

17. <u>Independent Expert</u>:

The parties agree that this case does not require an independent expert.

18. <u>Timetable</u>:

Per the Court's order setting the Scheduling Conference, the parties have

attached "Exhibit A: Schedule of Pretrial and Trial Dates Worksheet" hereto. This case is "Medium Level" per the Court's Scheduling Order as it is a civil rights matter. The dates in Exhibit A have been calculated accordingly. While the parties attempted to comply as closely to the Court's "Medium Level" deadlines as much as possible, Plaintiff is unable to comply with the timetable deadline for trial due to Plaintiff's lead trial counsel's trial schedule and calendar conflicts. The earliest date Mr. Galipo is available for trial after the proposed Final Pretrial Conference is August 25, 2025. Defendant confirms that they are amenable to the August 25, 2025 trial date.

19. Other Issues:

At this time, there are no other issues which require the Court's attention.

Respectfully submitted,

LAWRENCE BEACH ALLEN & CHOI, PC

Dated: June 27, 2024          By     /s/ Aamir Raza
                                     PAUL B. BEACH
                                     AAMIR RAZA[2]
                                     Attorneys for Defendant
                                     CITY OF SAN BERNARDINO

LAW OFFICE OF DALE K. GALIPO

Dated: June 27, 2024          By     /s/ Hang D. Le
                                     DALE K. GALIPO
                                     HANG D. LE
                                     Attorneys for Plaintiff
                                     DEJON HEMPHILL

---

[2] I, Aamir Raza, hereby attest that all the signatories listed, and on whose behalf the filing is submitted, concur in the content of this Stipulation and have authorized its filing.


# EXHIBIT A

EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No. | 5:24-cv-00825-KK-DTB |
|---|---|
| Case Name | *HEMPHILL v. CITY OF SAN BERNARDINO* |

| Matter | Deadline (in weeks/months after scheduling conference) | Joint Requested Date |
|---|---|---|
| Last Day to Stipulate or File Motion to Amend Pleadings or Add New Parties | Medium Level: 4-7 weeks | August 15, 2024 |
| Fact Discovery Cut-Off (including hearing of discovery motions) | Medium Level: 3-6 months | January 13, 2025 |

| Matter | Deadline (in weeks after fact discovery cutoff) | Joint Requested Date |
|---|---|---|
| Last Day to Serve Initial Expert Reports | Medium Level: 2 weeks | January 27, 2025 |
| Last Day to Serve Rebuttal Expert Reports | Medium Level: 4 weeks | February 10, 2025 |
| Expert Discovery Cut-Off (including hearing of discovery motions) | Medium Level: 6-7 weeks | March 3, 2025 |
| Motion Hearing Cut-Off | Medium Level: 11-12 weeks | April 3, 2025 |
| Last Day to Conduct Settlement Proceedings | Medium Level: 11-12 weeks | [ ] Magistrate Judge<br>[X] Mediation Panel<br>[ ] Private Mediation<br><br>Requested date: April 7, 2025 |
| Final Pretrial Conference [L.R. 16] (Thursdays at 10:30 a.m.) – Eighteen (18) days before trial date | Medium Level: 15-20 weeks | June 5, 2025 at 10:30 a.m. |
| Trial (Mondays at 8:30 a.m.) | 18 days after Final Pretrial Conference | ☒Jury Trial<br>☐Court Trial<br><br>Estimate: 5-7 days<br><br>Requested Date: August 25, 2025 at 8:30 a.m. |