1

2

3

4

5

6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

7

8

9

10

11

12

13

| | |
|---|---|
| DEJON HEMPHILL, | Case No. 5:24–cv–00825–KK–DTB |
| Plaintiff(s), | **CIVIL TRIAL SCHEDULING ORDER** |
| v. | |
| COUNTY OF SAN BERNARDINO, et al. | Last Day to Stipulate or File Motion to Amend Pleadings or Add New Parties:  8/15/2024 |
| | Fact Discovery Cut-Off (including hearing of discovery motions): 1/10/2025 |
| Defendant(s). | Last Day to Serve Initial Expert Reports:  1/24/2025 |

14

15

16

17

18

19

20

21

22

23

24

25

Last Day to Serve Rebuttal
Expert Reports:  2/7/2025

Expert Discovery Cut-Off (including
hearing of discovery motions):
2/28/2025

 Motion Hearing Cut-Off:
 4/3/2025

Last Day to Conduct Settlement
Proceedings: 4/4/2025

Final Pretrial Conference:
5/15/2025 at 10:30 AM

Jury Trial:
6/2/2025 at 08:30 AM

26

27

28

This case is set for trial before the Honorable Kenly Kiya Kato, 3470 12th Street, 3rd Floor, Courtroom 3, Riverside, CA 92501.

## I.   MOTIONS

Judge Kato hears motions in civil cases on Thursdays at 9:30 a.m. The cut-off date for hearing motions is the last day on which motions will be heard, i.e., the motion must be filed **at least twenty-eight (28) days** before the deadline in accordance with the requirements of Local Rule 6-1. The motion hearing cut-off date applies to all non-discovery motions except: (1) motions for class certification, which shall be filed in accordance with the deadline set forth in the Court's Civil Standing Order,[1] and (2) motions directly related to the conduct of trial, e.g., motions in limine and motions to sever parties or bifurcate issues for trial, which shall be properly noticed for hearing no later than the date of the Final Pretrial Conference.

All parties and counsel must comply with Local Rule 7-16, which provides:

> Any moving party who intends to withdraw the motion before the hearing date shall file and serve a withdrawal of the motion, not later than seven (7) days preceding the hearing. Any opposing party who no longer intends to oppose the motion, shall file and serve a withdrawal of the opposition, not later than seven (7) days preceding the hearing.

Failure to comply with this notification requirement may result in the imposition of sanctions on the offending counsel or party.

## II.   DISCOVERY

Counsel shall initiate all discovery other than depositions **at least forty-five (45) days before** the cut-off date. The Court will not approve stipulations between counsel which permit responses to be served after the cut-off date except in unusual circumstances and for good cause shown.

Counsel are expected to resolve discovery problems without the assistance of the Court. The discovery cut-off is the last date to complete discovery. It is also the

---

[1]   The Court's Civil Standing Order is available on Judge Kato's Schedule and Procedures webpage at http://www.cacd.uscourts.gov/honorable-kenly-kiya-kato.

1   last day for hearing any discovery motion. In addition, any motion challenging the

2   adequacy of responses to discovery must be served and calendared sufficiently in

3   advance of the discovery cut-off date to permit the responses to be obtained before

4   that date, if the motion is granted.

5   **III.   SETTLEMENT PROCEDURES**

6        The parties must complete settlement proceedings under the Court-Directed

7   Alternative Dispute Resolution ("ADR") Program (Local Rule 16-15.4) no later

8   than the date set by the Court above. The parties shall schedule their ADR

9   proceeding as soon as reasonable, but (1) **no later than ninety (90) days prior to**

10  **to the ADR deadline,** if the Court has ordered the parties to participate in ADR

11  Procedure No. 1, and (2) **no later than sixty (60) days after the entry of this**

12  **Order,** if the Court has ordered the parties to participate in ADR Procedure Nos. 2

13  or 3. **Within seven (7) days of scheduling the ADR proceeding,** Plaintiff shall

14  file a Joint Statement confirming that the parties have done so and the date of the

15  proceeding. If the parties desire to participate in an ADR procedure other than that

16  selected in the Rule 26(f) Joint Report and ordered by the Court, they shall file a

17  stipulation with the Court. This request will not necessarily be granted.

18       Plaintiff shall file a Joint Report regarding the outcome of settlement

19  discussions, the likelihood of possible further discussions, and any help the Court

20  may provide with regard to settlement negotiations **no later than seven (7) days**

21  **after** the settlement conference. No case will proceed to trial unless all parties,

22  including the principals of all corporate parties, have appeared personally at a

23  settlement conference and complied with Local Rule 16-15.5.

24       If a settlement is reached, it shall be reported immediately to this Court as

25  required by Local Rule 16-15.7. **In all cases set for jury trial, the parties must**

26  **notify the Court, no later than the Wednesday preceding the Monday trial**

27  **date, of any settlement, so that the necessary arrangements can be made to**

28  **bring in a different case for trial or notify the members of the public who**

1    **would otherwise be reporting for jury duty that their services are no longer**

2    **needed.**

3        **Failure to comply with this notification requirement may result in the**

4    **imposition of sanctions on counsel for one or more parties, or their clients, or**

5    **both.**

6        **Upon receipt of oral or written notice that a case has settled, the Court**

7    **will administratively close the case and if no agreed final order or judgment**

8    **is thereafter submitted within thirty (30) days, or if no party files a motion to**

9    **reopen within such time, the case shall, without further order, stand dismissed**

10   **with prejudice.**

11   **IV.   FINAL PRETRIAL CONFERENCE**

12       The Court will conduct a Final Pretrial Conference pursuant to Federal Rule

13   of Civil Procedure 16 and Local Rule 16-1 on the date and time listed above. Each

14   party appearing in this action shall be represented at the Final Pretrial Conference

15   and at all pretrial meetings by the lead trial counsel. In rare cases where the Pretrial

16   Conference is waived by the Court, counsel must follow Local Rule 16-11. This

17   Court does not exempt pro per parties from the requirements of Local Rule 16.

18       **1.    Matters to be Discussed at the Final Pretrial Conference**

19       Counsel shall be prepared to discuss the following matters with the Court at

20   the Final Pretrial Conference:

21   • streamlining the trial, including presentation of testimony by deposition

22     excerpts, time limits, stipulations as to undisputed facts, and qualification

23     of experts by admitted resumes;

24   • the witnesses all parties intend to call during their respective cases, and the

25     amount of time necessary for direct and cross examination of each witness;

26   • any anticipated issues in scheduling witnesses;

27   • any evidentiary issues, including anticipated objections under Rule 403,

28     and objections to exhibits;

1   • jury selection procedures;

2   • all pretrial motions, including motions in limine, to bifurcate and to sever;

3   • any disputed jury instructions, and the form of the instructions which will

4     be given to the jury at the outset of the case, i.e., before opening statements

5     and presentation of evidence;

6   • whether any counsel intends to use any evidence or demonstrative aid in

7     opening statement; and

8   • who will be seated at counsel table. No attorney shall be permitted to sit at

9     counsel table who does not actively participate in trial. The Court strongly

10    encourages lead counsel to permit newer attorneys to present argument

11    and/or examine witnesses at trial.

12   If counsel for any party need to arrange for the installation of their own

13  equipment, such as video monitors, notebooks, or overhead projectors, counsel

14  shall notify the Courtroom Deputy Clerk ("CRD") *no later than 4:00 p.m. seven*

15  *(7) days before trial* so that the necessary arrangements can be made.

16   **2.   Pretrial Filings**

17   Counsel shall submit carefully prepared Memoranda of Contentions of Fact

18  and Law (which may also serve as the trial briefs) and a proposed Final Pretrial

19  Conference Order in accordance with the provisions of Local Rules 16-4 through

20  16-7. The form of the proposed Final Pretrial Conference Order shall be in

21  conformity with the form set forth in Appendix A to the Local Rules. The filing

22  schedule for pretrial documents is as follows:

23   At least 28 days before final pretrial conference

24   • Motions in limine

25   At least 21 days before final pretrial conference

26   • Memorandum of contentions of fact and law

27   • Joint witness list with time estimates for each witness

28   • Joint exhibit list

–5–

1    • Oppositions to motions in limine

2    At least 14 days before final pretrial conference

3        • Proposed final pretrial conference order

4        • Stipulation of facts

5        • Joint exhibit stipulation

6        • Deposition designations

7        • Proposed jury instructions, and any objections

8        • Proposed verdict form(s)

9        • Joint statement of the case

10       • Proposed voir dire questions

11   At least 7 days before trial

12       • Trial briefs, if desired

13       **A.   _Motions in Limine_**

14   **Each side is limited to five (5) motions in limine.** Memoranda of Points

15   and Authorities in support of or in opposition to motions in limine shall not exceed

16   ten (10) pages. Replies will not be accepted. Motions in limine shall not be

17   compound, i.e., each motion shall address only one item of evidence or witness. If

18   common grounds for exclusion or admission apply to multiple items of evidence or

19   witnesses, each motion shall address only one category of evidence or witnesses.

20   Motions in limine should not be disguised motions for summary adjudication of

21   issues.

22       **B.   _Witness List_**

23   At least ***twenty-one (21) days before the Final Pretrial Conference,*** counsel

24   shall file their joint witness list, which shall include a brief description of each

25   witness's anticipated testimony and time estimates for direct examination and cross

26   examination of each witness. The witness list shall also include a phonetic spelling

27   of each witness's name.

28   On the first day of trial, counsel shall provide three copies of witness lists in

–6–

1  the order in which the witnesses may be called to testify. The witness lists shall be

2  in the following form:

3

| Case No.         Case Name: | |
|---|---|
| <u>Witness Name</u> | <u>Date Called to Testify</u> |
| 1.  John Doe | |
| 2.  Jane Roe | |

8       **C.   _Exhibit List, Joint Exhibit Stipulation, and Exhibit Binders_**

9       At least **_twenty-one (21) days before the Final Pretrial Conference_**, counsel

10  shall file their Joint Exhibit List.

11      At least **_fourteen (14) days before the Final Pretrial Conference_**, counsel

12  shall file their Joint Exhibit Stipulation, which shall include objections to exhibits,

13  the basis of the objection, and the offering party's response. Each objection must

14  include the grounds for the objection (e.g., a Federal Rule of Evidence) and an

15  explanation of why the disputed exhibit is not admissible. Any blanket or

16  boilerplate objections to the opposing party's exhibits will be disregarded and

17  overruled.

18      The parties shall stipulate to the authenticity and foundation of exhibits

19  whenever possible, and the Joint Exhibit Stipulation shall identify any exhibits to

20  which authenticity or foundation have not been stipulated and the specific reasons

21  for the parties' failure to stipulate.

22      At least **_fourteen (14) days before trial_**, counsel shall submit their exhibits by

23  placing them in 3-ring binders that are tabbed down the right side with exhibit

24  numbers. The exhibits are to be numbered in accordance with Local Rule 26-3. The

25  spine portion of the binder shall indicate the volume number of the binder. Each

26  binder shall contain an index of the exhibits included in the volume.

27      Counsel shall prepare three exhibit binders: (1) an original for the CRD, which

28  shall be tagged with the appropriate exhibit tags in the upper right hand corner of

1  the first page of each exhibit, (2) one copy for the Court, and (3) one copy for the

2  witness. The three exhibit binders shall be delivered to chambers.

3       The original copy of the exhibits shall be labeled with the Court's exhibit tags.

4  The parties shall use yellow tags for plaintiff and blue tags for defendant, which

5  shall be stapled to the front of the exhibit on the upper right corner with the case

6  number, case name, and exhibit number placed on each tag. Counsel can obtain

7  exhibit tags at the Clerk's Office, Room 134, 1st Floor, 3470 Twelfth Street,

8  Riverside.

9       *On the first day of trial*, counsel shall provide three copies of an exhibit index

10  to the CRD, in the following form:

11

| Case No. | Case Name: | | |
| --- | --- | --- | --- |
| Exhibit No. | Description | Date Identified | Date Admitted |
| 3 | 1/30/2005 Letter from Doe to Roe | | |

15       **D.  *Final Pretrial Conference Order and Stipulation of Facts***

16       At least ***fourteen (14) days before the Final Pretrial Conference***, counsel

17  shall file a proposed Final Pretrial Conference Order. In drafting the proposed

18  Final Pretrial Conference Order, counsel shall make a good faith effort to agree

19  on and set forth as many uncontested facts as possible. Counsel shall file a separate

20  stipulation of facts identifying the uncontested facts. The Court may read the

21  uncontested facts to the jury at the start of the trial.

22       In drafting the factual issues in dispute for the proposed Final Pretrial

23  Conference Order, the issues of fact should track the elements of a claim or defense

24  upon which the jury would be required to make findings. Counsel should attempt to

25  state issues in ultimate fact form, not in the form of evidentiary fact issues (i.e.,

26  "was the defendant negligent?"; "was such negligence the proximate cause of injury

27  to the plaintiff?"; "was the plaintiff negligent?"; **not,** "was the plaintiff standing on

28  the corner of 5th and Spring at 10:00 a.m. on May 3?"). Counsel may list sub-issues

1 under the headings of ultimate fact issues, but shall not use this as a device to list

2 disputes over evidentiary matters.

3     Issues of law should state legal issues upon which the Court will be required

4 to rule after the Final Pretrial Conference, including during the trial, and should

5 not list ultimate fact issues to be submitted to the trier of fact.

6     **E.**  *Deposition Designations*

7     At least *fourteen (14) days before the Final Pretrial Conference*, counsel

8 shall lodge any deposition(s) that they intend to use at trial. Counsel shall identify

9 on the deposition transcript(s) the testimony the party intends to offer and whether

10 the testimony will be offered for impeachment or in lieu of live testimony. In

11 addition, for testimony that will be offered in lieu of live testimony, counsel shall

12 identify any objections to the proffered evidence in the margins of the deposition

13 by briefly providing the ground for the objection and the response to the objection.

14     **F.**  *Jury Instructions and Verdict Form(s)*

15     At least *fourteen (14) days before the Rule 16-2 Meeting of Counsel*,

16 counsel shall exchange proposed jury instructions and verdict form(s). *Seven (7)*

17 *days before to the Rule 16-2 meeting*, counsel shall exchange any objections to

18 the instructions and verdict form(s). Prior to or at the time of the Rule 16-2

19 meeting, counsel shall meet and confer with the goal of reaching agreement as to

20 one set of joint, undisputed jury instructions and one joint, undisputed verdict form

21 or set of verdict forms.

22     At least *fourteen (14) days before the Final Pretrial Conference*, the parties

23 shall file proposed jury instructions and proposed verdict form(s). In addition to

24 filing the agreed-upon and disputed jury instructions and proposed verdict form(s),

25 the parties must submit electronic versions (Word format) of of both the agreed-

26 upon and disputed jury instructions and the proposed verdict form(s) to the Court

27 at the following e-mail address: kk_chambers@cacd.uscourts.gov.

28     As noted above, the parties must act jointly to submit proposed jury

1    instructions. The parties must submit one set of agreed-upon jury instructions. The

2    parties must also submit a disputed set of jury instructions containing the

3    instructions upon which the parties disagree. If applicable, the disputed jury

4    instructions shall include redlined edits of the language over which the parties

5    disagree. The party opposing the instruction must attach a short (i.e., one to two

6    paragraphs) statement supporting the objection and the party submitting the

7    instruction must attach a short statement supporting the instruction. Each statement

8    should be on a separate page and should follow directly after the disputed

9    instruction.

10         Accordingly, the parties ultimately will submit one document of jury

11   instructions or, if the parties disagree over any proposed jury instructions, two

12   documents. If the parties submit two documents, those documents should consist

13   of: (1) a set of agreed-upon jury instructions, and (2) a set of disputed, redlined

14   jury instructions along with reasons supporting and opposing each disputed

15   instruction.

16         Where the ***Manual of Model Civil Jury Instructions for the Ninth Circuit***

17   ***(2017 edition)*** provides a version of a requested instruction, the parties should

18   submit the Model instruction. Where California law applies, the Court prefers

19   counsel to use the ***Judicial Council of California, Civil Instructions*** ("CACI").

20   If neither of the above sources has an instruction on the subject, counsel are

21   directed to consult the current edition of ***O'Malley, et al., Federal Jury Practice***

22   ***and Instructions.*** Each requested instruction shall (a) cite the authority or source

23   of the instruction, (b) be set forth in full, (c) be on a separate page, (d) be

24   numbered, (e) cover only one subject or principle of law, and (f) not repeat

25   principles of law contained in any other requested instruction.

26         An index page shall accompany all jury instructions submitted. The index

27   page shall indicate the following:

28         • The number of the instruction;

1     •    A brief title of the instruction;

2     •    The source of the instruction and any relevant case citations; and

3     •    The page number of the instruction.

4     Example:

5

| Number | Title | Source | Page |
|--------|-------|--------|------|
| 1 | Burden of Proof | 9th Cir. 12.02 | 7 |

8       In addition to the jury instructions, the parties shall submit their proposed

9 verdict form(s). If the parties cannot agree on a proposed verdict form or set of

10 verdict forms, the parties must jointly submit their proposed verdict form(s) with

11 redlines noting any disputed language.

12           **G.**   ***Joint Statement of the Case and Voir Dire***

13       At least ***fourteen (14) days before the Final Pretrial Conference***, each

14 counsel must file any proposed voir dire questions to be asked of prospective

15 jurors. Counsel shall also prepare a joint statement of the case which will be read

16 by the Court to the prospective panel of jurors prior to the commencement of voir

17 dire. The statement should not be longer than two or three paragraphs and shall

18 not exceed one page. The parties must submit an electronic version (Word format)

19 to the Court at the following e-mail address: kk_chambers@cacd.uscourts.gov.

20           **H.**   ***Court Reporter***

21       At least ***seven (7) days before trial***, counsel for the parties shall provide the

22 court reporter with a list of unusual words, phrases, and spellings that may come

23 up during trial. This information should be emailed to the CRD at

24 kk_chambers@cacd.uscourts.gov.

25 **V.**    **TRIAL**

26       The Court sets firm trial dates. Counsel shall arrive at the courtroom ***not later***

27 ***than half an hour before the start of trial*** each day of trial. The Court reserves

28 that time to handle legal and administrative matters outside the presence of the jury.

1  Counsel shall anticipate matters that may need discussion or hearing outside the

2  presence of the jury and raise them during this period.

3       Trials are generally conducted Monday through Friday. The Court will adopt

4  a particular time schedule on a case-by-case basis. In general, the schedule will be:

5  (i) from 8:30 a.m. to 2:30 p.m. with two or three 20-minute breaks; or (ii) from

6  9:00 a.m. to 4:30 p.m., with a 15-minute break in both the morning and the

7  afternoon, and a one-hour lunch break. In most cases, jury selection is completed

8  on the first morning of trial, and counsel should be prepared to give opening

9  statements and begin presentation of evidence immediately thereafter.

10      All counsel are asked to observe the following practices during trial:

11  1.      All counsel, defendants, and parties shall rise when the jury enters and

12          leaves the courtroom.

13  2.      Counsel shall stand when addressing the Court, including when

14          objecting to opposing counsel's questions.

15  3.      When objecting, counsel shall stand and should state only "objection,"

16          and the legal ground for the objection (e.g., hearsay, irrelevant, etc.).

17          Counsel should refrain from arguing the legal basis for the objection

18          unless permission is granted to do so.

19  4.      Counsel must seek leave to approach the CRD or the witness, and

20          should question witnesses while standing at the lectern.

21  5.      Counsel should not address or refer to witnesses or parties by first

22          names alone, with the exception of witnesses under 14 years old.

23  6.      The Court will establish  time limits for opening statements and closing

24           arguments and the presentation of each party's case. The Court

25          strictly enforces the set time limits.

26  7.      Counsel shall not discuss the law or argue the case in opening

27          statements.

28  8.      Counsel shall address all remarks to the Court and should not directly

address the CRD, the Court Reporter, opposing counsel, or the jury (except in opening statement and closing argument). Counsel must ask the Court for permission to speak off the record in order to speak with opposing counsel.

9.     Counsel shall not make an offer of stipulation unless Counsel has conferred with opposing counsel and believes that the stipulation will be accepted. Any stipulation of fact will require the opposing party's concurrence and shall be submitted to the Court in writing for approval.

10.    While Court is in session, counsel may not leave the counsel table to confer with witnesses, colleagues, or assistants in the back of the courtroom unless the Court grants permission to do so in advance.

11.    Where a party has more than one lawyer, only one may conduct the direct or cross-examination of a particular witness, or make objections as to that witness.

12.    If a witness was on the stand before a recess or adjournment, counsel shall have the witness back on the stand and ready to proceed when Court resumes.

13.    If there is more than a brief delay between witnesses, the Court may deem that the party has rested.

14.    The Court attempts to cooperate with witnesses and will, except in extraordinary circumstances, accommodate them by permitting them to be examined out of sequence. Counsel should discuss any scheduling issues with opposing counsel. If there is an objection, counsel shall confer with the Court in advance.

15.    Counsel shall not make facial expressions, nod, or shake their heads, or comment or otherwise exhibit in any way any agreement, disagreement, or other opinion or belief concerning the testimony of a witness. Counsel shall admonish their clients and witnesses not to

1    engage in such conduct.

2    16.    Counsel should not talk to jurors at all, and should not talk to co-

3    counsel, opposing counsel, witnesses, or clients where the conversation

4    may be overheard by jurors. Each counsel should admonish counsel's

5    own clients and witnesses to avoid such conduct. Counsel should not

6    speak with courthouse personnel regarding the trial, jury deliberations,

7    or where the jury stands. Each counsel should admonish counsel's

8    clients, witnesses, and agents not to engage in such conduct. If any

9    team should inadvertently become aware of jury information, including

10   where the jury stands during deliberations, such information, shall not

11   be repeated to anyone without permission of the Court. The parties

12   should immediately notify the Court of such disclosure.

13   17.    Counsel must notify the CRD in advance if any witness should be

14   accommodated based on the Americans with Disabilities Act or for

15   other reasons.

16   **VI.    WEBSITE**

17       Counsel are encouraged to review the Central District's website for additional

18   information: https://www.cacd.uscourts.gov.

19       The CRD is ordered to serve a copy of the Order personally, electronically, or

20   by mail on counsel for all parties to this action.

21

22       **IT IS SO ORDERED.**

23

24   Dated:  July 18, 2024

25   _____
     HONORABLE KENLY KIYA KATO
26   United States District Judge

27

28