Paul B. Beach, Esq. [State Bar No. 166265]
E-mail: pbeach@lbaclaw.com
Aamir Raza, Esq. [State Bar No. 223530]
E-mail: araza@lbaclaw.com
Egle Donatz, Esq. [State Bar No. 349200]
E-mail: edonatz@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
E-mail: LBACOCstaff@lbaclaw.com
959 South Coast Drive, Suite 260
Costa Mesa, California 92626
Telephone No.: (714) 479-0180

Attorneys for Defendants, CITY OF SAN BERNARDINO, JACKSON TUBBS, and MICHAEL VUICICH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEJON HEMPHILL,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SAN BERNARDINO; JACKSON TUBBS; MICHAEL VUICICH and DOES 3-10, inclusive,<br><br>Defendants. | Case No.: 5:24-cv-00825-KK-DTB<br><br>**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT BY DEFENDANTS CITY OF SAN BERNARDINO JACKSON TUBBS AND MICHAEL VUICICH; DEMAND FOR JURY TRIAL**<br><br>Complaint filed: April 18, 2024<br><br>**Matter For Determination Before The Honorable Kenly Kiya Kato** |

TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR COUNSEL OF RECORD:

/ / /

/ / /

/ / /

/ / /

1
ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

COME NOW Defendants City of San Bernardino ("City"), Jackson Tubbs and Michael Vuicich (collectively "Defendants") and answer the claims in Plaintiff's First Amended Complaint (hereinafter "FAC"). Defendants answer for themselves and for no other defendants, and hereby admit, deny, and allege as follows:

1. Answering Paragraphs 2, 3, 5, 17, 18, 52, 58, 66, 76, of the FAC, Defendants admit that Defendant City of San Bernardino is a municipal corporation, that the SBPD is a subdivision of the City, that the City is the proper Defendant for claims against the SBPD and that Officer Tubbs and Vuicich were on duty for the SBPD at the time of the incident. Defendants admit that the Court appears to have jurisdiction over the instant action, and venue appears proper based upon the allegations of the FAC based on the facts alleged. Defendants admit that Plaintiff presented a Tort Claim to the City on October 2, 2023, which was rejected on October 18, 2023, though Defendants deny that the Tort Claim was presented on September 28, 2023, and it lacks sufficient information to determine if the claim complies with all of the aspects of the Tort Claims Act.

2. Answering Paragraphs 4, 6-8, and 10-14 of the FAC, as to allegations regarding unnamed DOE defendants or against anyone other than these answering Defendants, Defendants do not have sufficient information or belief to enable them to answer said allegations and on that ground, denies each and every allegation.

3. Answering Paragraphs 20-24, and 77 of the FAC, Defendants dispute Plaintiff's characterization of the subject incident and on that ground, deny each and every allegation contained therein. The incident was captured on a body-worn camera, and the body-worn camera footage is the best evidence of what happened during the subject incident. As to allegations regarding anyone other than these answering Defendants, Defendants do not have sufficient information or belief to enable them to answer said allegations and on that ground, denies each and every allegation.

4. Answering Paragraphs 80, 86, 89, and 96-97 of the FAC, these paragraphs are attempted statements of law or policy, not factual allegations, and Defendants are not required to provide a response here; however, Defendants do object that these statements may be, or are in fact, misleading, misstated, inapplicable and/or misapplied.

5. Answering Paragraph 19 of the FAC, Defendants incorporate by reference their responses to Paragraphs 1 through 18, as though fully set forth herein.

6. Answering Paragraph 25 of the FAC, Defendants incorporate by reference their responses to Paragraphs 1 through 24, as though fully set forth herein.

7. Answering Paragraph 32 of the FAC, Defendants incorporate by reference their responses to Paragraphs 1 through 31, as though fully set forth herein.

8. Answering Paragraph 42 of the FAC, Defendants incorporate by reference their responses to Paragraphs 1 through 41, as though fully set forth herein.

9. Answering Paragraph 51 of the FAC, Defendants incorporate by reference their responses to Paragraphs 1 through 50, as though fully set forth herein.

10. Answering Paragraph 57 of the FAC, Defendants incorporate by reference their responses to Paragraphs 1 through 56, as though fully set forth herein.

11. Answering Paragraph 65 of the FAC, Defendants incorporate by reference their responses to Paragraphs 1 through 64, as though fully set forth herein.

12. Answering Paragraph 75 of the FAC, Defendants incorporate by reference their responses to Paragraphs 1 through 74, as though fully set forth herein.

13. Answering Paragraph 83 of the FAC, Defendants incorporate by reference their responses to Paragraphs 1 through 82, as though fully set forth herein.

14. Answering Paragraph 88 of the FAC, Defendants incorporate by reference their responses to Paragraphs 1 through 100, as though fully set forth herein.

15. Answering Paragraphs 1, 15-16, 26-31, 33-41, 42-50, 53-56, 59-64, 67-74, 78-79, 81-82, 84-85, 87, 90-95, and 98-99 and the Prayer for Relief of the FAC, Defendants deny generally and specifically each and every allegation contained therein. As to any allegations regarding anyone other than these answering Defendants, Defendants do not have sufficient information or belief to enable them to answer said allegations and on that ground, denies each and every allegation.

## FIRST AFFIRMATIVE DEFENSE

16. No constitutional violation occurred and, even if it did, the individual Defendants entitled to qualified immunity.

## SECOND AFFIRMATIVE DEFENSE

17. That any injury or damage suffered by Plaintiff was caused solely by reason of Plaintiff's wrongful acts and conduct and the willful resistance to a peace officer in the discharge, and attempt to discharge, the duty of his/her office, and not by reason of any unlawful acts or omissions of Defendants.

## THIRD AFFIRMATIVE DEFENSE

18. As a result of the incident that forms the subject matter of this litigation, Plaintiff may have been criminally prosecuted, and rulings and findings therein would be preclusive in the instant action.

## FOURTH AFFIRMATIVE DEFENSE

19. Defendants are immune from liability, pursuant to California Government Code § 845.8.

## FIFTH AFFIRMATIVE DEFENSE

20. Each of Plaintiff's state law claims is barred by the absolute privilege of California Government Code § 820.2.

## SIXTH AFFIRMATIVE DEFENSE

21. Each of Plaintiff's state law claims against the City is barred by the absolute privilege of California Government Code § 815.2(b).

## SEVENTH AFFIRMATIVE DEFENSE

22. Each of Plaintiff's state law claims is barred by the absolute privilege of California Government Code § 821.6.

## EIGHTH AFFIRMATIVE DEFENSE

23. Plaintiff's California Civil Code § 51.7 claim fails because the individual Defendants did not use violence or threats distinct from that which was inherent in the alleged constitutional violation.

## NINTH AFFIRMATIVE DEFENSE

24. A public entity is not liability for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person.

## TENTH AFFIRMATIVE DEFENSE

25. The actions of Defendants were at all relevant times reasonable, proper, and legal.

## ELEVENTH AFFIRMATIVE DEFENSE

26. The FAC fails to state a cause of action.

## TWELFTH AFFIRMATIVE DEFENSE

27. Neither a public entity nor a public employee is liable for his act or omission, exercising due care, in the execution or enforcement of any law.

### THIRTEENTH AFFIRMATIVE DEFENSE

28. Neither a public entity nor a public employee is liable for any injury caused by the act or omission of another person.

### FOURTEENTH AFFIRMATIVE DEFENSE

29. Plaintiff's state law claims against Defendants are barred by Plaintiff's failure to comply with the requirements of the Government Tort Claims Act.

### FIFTEENTH AFFIRMATIVE DEFENSE

30. Plaintiff failed to mitigate his damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

31. Plaintiff's recovery is barred for damages that he should have foreseen and could have avoided by reasonable effort.

### SEVENTEENTH AFFIRMATIVE DEFENSE

32. Plaintiff's FAC fails to state a cause of action against this public entity defendant for, pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), there can be no recovery for a federal civil rights violation where there is no constitutional deprivation occurring pursuant to governmental policy or custom.

### EIGHTEENTH AFFIRMATIVE DEFENSE

33. That the force, if any, used on Plaintiff was reasonable under the circumstances and that any injury or damages allegedly suffered by Plaintiff were due to and caused by reason of Plaintiff's acts and conduct.

### NINETEENTH AFFIRMATIVE DEFENSE

34. Plaintiff knew or should have known that he was being arrested by a peace officer and had the duty to refrain from using force to resist such arrest.

### TWENTIETH AFFIRMATIVE DEFENSE

35. Plaintiff's claims are barred by the doctrine of laches.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

36. To the extent that any force was used, it was reasonable.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

37. To the extent any force was used, it was privileged as being reasonably necessary, and being believed to be so necessary, to the lawful defense of self and/or third parties.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

38. Reasonable suspicion existed for the detention of Plaintiff and probable cause existed for his arrest.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

39. The individual Defendants had reasonable cause to believe that a public offense was being committed in their presence.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

40. Since Plaintiff was a parolee or probationer at the time of the alleged arrest and imprisonment, he could suffer no injury from any alleged detention.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

41. This action is barred by the applicable statutes of limitations including, without limitation, California Code of Civil Procedure §§ 335.1, 342, 343.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

42. Plaintiff's claims are barred by the doctrine of unclean hands.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

43. Plaintiff's claims are barred by the doctrine of equitable estoppel.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

44. Plaintiff's claims are barred by the doctrine of judicial estoppel.

**THIRTIETH AFFIRMATIVE DEFENSE**

45. Plaintiff's claims are barred by the doctrine of collateral estoppel/issue preclusion.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

46. Plaintiff's claims are barred by the doctrine of waiver.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

47. That any injury or damage suffered by Plaintiff was caused solely by reason of Plaintiff's wrongful acts and conduct and the willful resistance to a peace officer in the discharge, and attempt to discharge, the duty of his or her office, and not by reason of any unlawful acts or omissions of Defendants.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

48. Because Plaintiff's FAC is couched in conclusory terms, Defendants cannot fully anticipate all the affirmative defenses that may be applicable to the within action. Accordingly, the right to assert additional defenses, if and to the extent that such affirmative defenses are applicable is hereby reserved.

WHEREFORE, Defendants City of San Bernardino, Jackson Tubbs and Michael Vuicich pray that Plaintiff takes nothing by the way of his FAC and that Defendants herein recover their cost and such other and further relief as the Court may deem just and proper.

Respectfully submitted,

LAWRENCE BEACH ALLEN & CHOI, PC

Dated: August 29, 2024   By   /s/ Aamir Raza
PAUL B. BEACH
AAMIR RAZA
EGLE DONATZ
Attorneys for Defendants,
CITY OF SAN BERNARDINO, JACKSON TUBBS and MICHAEL VUICICH

**DEMAND FOR JURY TRIAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT

PLEASE TAKE NOTICE that Defendants City of San Bernardino, Jackson Tubbs and Michael Vuicich hereby demand a trial by jury pursuant to Federal Rules of Civil Procedure, Rule 38(b) and Local Rule 38-1.

Respectfully submitted,

LAWRENCE BEACH ALLEN & CHOI, PC

Dated: August 29, 2024        By   /s/ Aamir Raza
                                  PAUL B. BEACH
                                  AAMIR RAZA
                                  EGLE DONATZ
                                  Attorneys for Defendants,
                                  CITY OF SAN BERNARDINO, JACKSON TUBBS and MICHAEL VUICICH